UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Eugene M. Gabriel,
    Claimant

    v.                                     Civil No. 08-cv-171-SM
                                                Opinion No. 2009 DNH 092
Michael J. Astrue,
Commissioner, Social
Security Administration,
    Respondent


**O R D E R**


Respondent moves to amend or alter the order remanding this case to the ALJ (document no. 22). Claimant objects. The motion is denied.

First, respondent appears confused about the import of the relevant regulations. While section 1.00B2b of 20 C.F.R. section 404, Subpart P, Appendix 1, defines the phrase "inability to ambulate effectively" and describes effective ambulation, that section does not purport to define the pertinent phrase "on a sustained basis," as it is used in section 1.00B2a, which provides that "functional loss for purposes of these listings is defined as the inability to ambulate effectively <u>on a sustained basis</u>" (emphasis added). Moreover, even if the regulations did operate as respondent would have it, his position is not enhanced.

Section 1.00B2b(1) provides that "[t]o ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of <u>daily</u> living" (emphasis added).  If that regulation did define the phrase "on a sustained basis," then sustained performance of "activities of daily living" would, necessarily, require performance of those activities on a daily basis, routinely, consistently, day in and day out.  The ability to ambulate sufficiently to carry out activities of daily living only sporadically, or occasionally, not routinely, or not without interspersed periods of recovery or recuperation, would not constitute effective ambulation.

Here, Gabriel introduced evidence that to save wear and tear on his stump, and preclude debilitating sores from developing, he performed many activities of daily living at home by scuttling about on his buttocks, and not by ambulating effectively.  That is, record evidence suggests that because of his stump complications, Gabriel was not able to use his prosthesis to perform walking activities associated with daily living, because he could not do so, daily, without jeopardizing his ability to use it to perform other necessary walking activities, like going to work and working.

Respondent's additional argument, that the ALJ's failure to explain his step-three finding was harmless error, is also unpersuasive. There is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." Ketcher v. Apfel, 68 F. Supp. 2d 629, 645 (D. Md. 1999). Accordingly, the ALJ had a duty to "identify the relevant listed impairments and compare each of the listed criteria to the evidence of [the claimant's] symptoms." Id. The ALJ did not perform that duty.

Respondent's motion to amend or alter judgment (document no. 24) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 23, 2009

cc: Maureen R. Manning, Esq.
    T. David Plourde, Esq.